JOHN B. SMITH, Respondent, *v.* WILLIAM F. LENNON *et al.*, Appellants.

*Court of Appeals, January 20, 1892.*

*Partnership.*—An agreement by one party to advance funds for the purchase of houses to be secured by mortgages on the property, and by the other party to furnish money for improvements, and to hold the title in his own name, with an equal division of anticipated profits, does not create a partnership.

Appeal from judgment of the supreme court, general term, first department, affirming judgment of foreclosure and sale after trial of action at special term.

*S. Untermeyer*, for appellants.

*A. C. Fransioli*, for respondent.

FINCH, J.—The sole ground of this appeal rests upon the proposition that the trial court erred in refusing to find that the parties were copartners in the purchase and ownership of

the two houses and lots upon which the plaintiff's mortgages were a lien, and in support of that proposition it is now urged that the defendant, Lennon, testified to the existence of such a partnership, and was entirely uncontradicted. I do not think his evidence goes so far, and if it does he is contradicted by all the proof produced which has been put in writing, and by every material fact and circumstance shown in the case.

The plaintiff's theory was that the only partnership contemplated and agreed upon and described by that word was a sharing in the possible profits which might be realized upon a sale of the houses after the advance of purchase money had been paid back to Meyer, and the expenditure for repairs had been restored to Lennon; that one was to advance funds for the purchase, and be secured to that extent by mortgages on the property, and the other to furnish money for improvements, holding the title in his own name; and both were to share in the anticipated profits which might be realized over and above the sums so advanced. I see nothing in Lennon's testimony as to the conversations which preceded the writings which is at all inconsistent with that theory, or which established the broader fact of a partnership in the land as well as in the expected profits. Lennon says at the outset that Meyer proposed the enterprise thus : " I will go into partnership with you, Lennon; I will furnish the purchase money, and buy those houses, and you furnish the money to put in the alterations," and adds that his answer was : " Will you put it down on paper, the general items of those remarks, and I will consider it over." Thus no verbal agreement was made, but instead Meyer submitted a memorandum, the terms of which were later embodied in a written and formal contract, which both parties signed. All previous negotiations were merged in that instrument, which is not at all ambiguous, and which shows clearly that Lennon was to take the title and give mortgages to Meyer for the purchase money advanced, and that the only agreement

which could be described as a partnership was to share in the possible profits over and above the advances made. In strict accord with this agreement the title was in fact taken by Lennon, he gave the two mortgages to Meyer, describing them correctly as given for purchase money, and when at a later period it was deemed advisable to add to the improvements, an endorsement was made upon the contract increasing the amount to be first paid before profits were realized.

It is true that at a later period of his testimony Lennon represented Meyer as wanting the mortgages to secure his interest in the partnership, but even that expression if ever used by Meyer, which the court was fully justified in disbelieving, is susceptible of the explanation that Meyer referred only to his advances, and had no reference to any other or different interest in the land. Be that as it may, at the most it merely raised a question of fact which very justly and properly has been decided against the defendant.

Both judgments should be affirmed, with costs.

All concur.

---

NOTE.

See also, McGovern *v.* Mattison, 116 N. Y. 61 ; Galway *v.* Nordlinger, 51 Hun, 639 ; Demarest *v.* Kock, 58 Supr. 583 ; Maloy *v.* A. L. M. Co., 55 Id. 604, 610 ; Smith *v.* Lennon, 60 Hun, 577 ; Keogh *v.* Minvath, 56 Id. 640 ; First Nat. Bk. *v.* Staples, 58 Id. 606 ; Farr *v.* Morrill, 53 Id. 31 ; Campbell *v.* Sherman, 55 Id, 609 ; Hudson *v.* Spaulding, 53 Id, 638 ; Hackett *v.* Stanley, 115 N. Y. 625 ; Adams *v.* Morrison, 113 Id. 152 ; Demarest *v.* Flack, 16 Daly, 337 ; First Nat. Bk. *v.* Gallaudet, 122 N. Y. 655 ; Sheehan *v.* Fleetham, 58 Hun, 605 ; Suau *v.* Caffe, 123 N. Y. 308.